# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FELICIA HENNESEY,**
                  **Plaintiff,**

**-vs-**                                **Case No. 6:06-cv-1814-Orl-28KRS**

**EMPIRE CORE SUPPLY, LLC,**
**d/b/a Empire Auto Salvage,**
**CHRISTINE ENGELS,**
                  **Defendants.**

___

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF PROPOSED SETTLEMENT (Doc. No. 23)** |
| **FILED:** | **June 7, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

      This case was brought under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201, *et seq*. The parties have reached a settlement agreement and seek court approval of that agreement. In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353.

In the joint motion for approval of the settlement agreement, doc. no. 23, and the settlement agreement submitted by the parties, doc. no. 23-2, the parties provide that the defendants will pay 100% of the plaintiff's documented FLSA claim, plus attorneys' fees. The parties' motion explains that after reviewing the defendants' payroll records, the plaintiff is receiving the full amount of her claim. Doc. No. 23 at 1, 3. Because Plaintiff Felicia Hennesey is receiving the full amount to which she is entitled, I conclude that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.

Accordingly, I respectfully recommend that the Court approve the settlement agreement and dismiss the case with prejudice. I further recommend that the Court direct the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 20, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy